IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LOUVISIA CONLEY                                                                            PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:15-CV-186-NBB-SAA

PARADISE NAILS and
JANE DOES 1-10                                                                          DEFENDANTS

MEMORANDUM OPINION

This cause comes before the court upon defendant Paradise Nails' partial motion to dismiss. Upon due consideration of the motion, response, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

On February 14, 2014, plaintiff Louvisia Conley visited Paradise Nails, a nail salon located in Olive Branch, Mississippi, with a friend to get a pedicure. The plaintiff states she was seated at a pedicure station, but was asked to move to another station due to a malfunctioning hot and cold water system. At the final pedicure station, the plaintiff asserts that a Paradise Nails employee attempted to repair the hot and cold water system and in the process of doing so, spilled water at the base of plaintiff's station. The plaintiff alleges that water pooled on the floor by the station.

The plaintiff states she asked the Paradise Nails employees to clean up the water numerous times, however her requests were ignored. According to the plaintiff, Paradise Nails employees attempted to move the plaintiff through the water to another station; the plaintiff states that multiple Paradise Nails employees assisted her by grabbing her arms and helping her out of the station.

During this move, the plaintiff asserts that she slipped in the pool of water that was surrounding her pedicure station. The plaintiff declares that when other Paradise Nails employees attempted to pick plaintiff up they, too, lost their footing in the water and plaintiff fell a second time. Plaintiff says she was eventually able to regain her footing. Employees allegedly held the plaintiff up and walked her to another station to finish the pedicure. After the incident, the plaintiff states she was taken to the hospital by her friend due to pain in her right arm, neck, and back. Since then, the plaintiff says she has needed ongoing medical treatment, including surgery and physical therapy, because of the injury allegedly sustained at Paradise Nails.

The plaintiff filed the initial complaint on October 27, 2015 and brought claims for negligence *per se*, negligence, and premises liability. Defendant Paradise Nails filed a motion to dismiss, or in the alternative, motion for judgment on the pleadings, on December 4, 2015. Paradise Nails' motion focuses solely on dismissing the claim for negligence *per se* and argues plaintiff has not demonstrated that Paradise Nails violated a statutory duty owed to her.

Plaintiff is a resident of Shelby County, Tennessee. Defendant Paradise Nails is a Mississippi business located in Olive Branch, Mississippi. Jane Does 1-10 are defendants who work at Paradise Nails and were not identified at the time the complaint was filed.

Standard

Defendant Paradise Nails filed a motion under the Federal Rules of Civil Procedure Rule 12(b)(6) for failure to properly state a claim for negligence *per se* upon which relief can be granted. Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to assert a motion to dismiss for failure to state a claim upon which relief can be granted as a defense to a claim in any pleading. Fed. R. Civ. P. 12(b)(6). When assessing a Rule 12(b)(6) motion, courts look only at the allegations contained in the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215,

216–17 (5th Cir. 2014). In order to overcome a Rule 12(b)(6) motion, there must be "enough fact(s) to raise a reasonable expectation that discovery will reveal evidence of" the action(s) alleged in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The court must take the factual allegations in the complaint as true and resolve ambiguities in favor of the plaintiff, but "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). A complaint will be dismissed under Rule 12(b)(6) if the factual allegations are not "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545.

The defendant also brought a motion for judgment on the pleadings under Rule 12(c) as an alternative to its motion to dismiss. Federal Rules of Civil Procedure Rule 12(c) states, "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). Here, the court finds defendant's requested Rule 12(c) motion is without merit because the material facts are in dispute. This memorandum, therefore, centers on defendant's Rule 12(b)(6) motion and whether the plaintiff stated a negligence *per se* claim upon which relief can be granted.

<u>Analysis</u>

The plaintiff has brought three claims against defendant Paradise Nails: negligence *per se*, negligence, and premises liability. Paradise Nails' present motion only seeks dismissal of

plaintiff's negligence *per se* claim. Paradise Nails argues that the plaintiff has not properly stated a negligence *per se* claim and asks that it be dismissed with prejudice.

In order to substantiate a negligence *per se* claim in Mississippi, the plaintiff must prove "(1) that the party belongs to the class of people the statute intends to protect, (2) that the party suffered the type [of] injuries the statute was designed to avoid, and (3) that the offender's violation of the statute proximately caused the party's injuries." *Dooley v. Byrd*, 64 So. 3d 951, 960 (Miss. 2011). Here, plaintiff makes the following assertions: Mississippi Code Annotated §§ 73-7-7 and 73-7-33 and regulations promulgated by the Mississippi State Board of Cosmetology create a class of people protected by law; the plaintiff is a member of the protected class; the plaintiff suffered an injury the laws intend to protect; and that Paradise Nails violated the statutes and/or regulations, which proximately caused the plaintiff's various injuries.

Defendant Paradise Nails questions plaintiff's interpretation of Title 73, Chapter 7 of the Mississippi Code and contends that this legislation does not create a legal duty of care to satisfy Mississippi's negligence *per se* criteria. Mississippi Code Annotated § 73-7-7 states, in relevant part, that the Mississippi State Board of Cosmetology can set forth rules and regulations pertaining to the *sanitation* of a business "in the practice of cosmetology, esthetics, manicuring and pedicuring, and wigology." Miss. Code Ann. § 73-7-7 (West 2016). Mississippi Code Annotated § 73-7-33 states, in relevant part, that, "Every establishment must be kept *sanitary*, including all utensils and equipment, must be well ventilated and properly lighted. Each salon must be provided with hot and cold running water." Miss. Code Ann. § 73-7-33 (West 2016) (emphasis added). The parties do not point to, and this court has not identified, any precedent in which a protected class has been created by these statutes with regard to slip and fall incidents.

However, this court has identified a case involving an invitee who slipped and fell and brought a negligence *per se* claim, *Isgett By and Through Isgett v. Wal-Mart Stores, Inc.*, which describes how the harm suffered by plaintiffs in these situations must be the type the statute focused on preventing. 976 F. Supp. 422, 430 (S.D. Miss. 1997). In *Isgett*, the plaintiffs alleged that they were part of a protected class created by the Federal Hazardous Substances Act (FHSA) after slipping and falling on Silly String in the defendant's store which was composed of hazardous materials, as defined by the FHSA. *Id.* at 426. The court made clear that the FHSA was not enacted to prevent slip and fall accidents, but was instead enacted to prevent injuries and deaths from poisonous household chemicals. *Id*. at 430. For this reason, the negligence *per se* claim was without merit under Mississippi law. *Id.*

Similarly, in this case Plaintiff has not convinced the court that §§ 73-7-7 and 73-7-33 create a legal duty for cosmetology businesses to protect invitees from slip and fall injuries. While defendant Paradise Nails is correct in stating that the plaintiff belongs to the class the statutes were enacted to protect, namely cosmetology business invitees, the plaintiff has not proven her assertion that these statutes create a duty to protect such invitees from slip and fall injuries. § 73-7-7 merely gives the State Board of Cosmetology the ability to create regulations related to sanitation, while § 73-7-33 states that salons must have hot and cold running water. The plaintiff argues that allowing a pedicure station to flood the floor falls under the intended purpose of the statute's use of the word sanitary. However, the plaintiff provides no evidence to support this conclusion and therefore has failed to clarify how cosmetology sanitation regulations were intended to create a duty to prevent slip and fall accidents.

Plaintiff also argues that Paradise Nails violated Mississippi regulations "by failing to provide cosmetic services in a safe and clean environment to protect its patrons," but does not

identify any particular regulations that were violated. However, Mississippi State Cosmetology Board Rule 7.3(F) dictates the regulations for the water supply in cosmetology establishments. Section 1 states that, "[E]ach establishment must be provided with an adequate supply of potable running water." Code Miss. R. 30-2101:7.3(F)(1). Section 2 goes on to say that, "Adequate hot and cold water under pressure must be provided in all work booths or work rooms." Code Miss. R. 30-2101:7.3(F)(2). Furthermore, Mississippi State Cosmetology Board Rule 7.12 stipulates the rules for cleaning and disinfecting pedicure stations, but makes no mention of spills from such stations. Code Miss. R. 30-2101:7.12.

The parties disagree on whether internal regulations, such as those promulgated in Chapter 7 of the Mississippi State Cosmetology Board Rules and Regulations, impose duties that form the foundation of negligence *per se* claims. The plaintiff identifies *Moore ex rel. Moore v. Memorial Hospital of Gulfport* as precedent in support of the contention that internal regulations create duties of care; however, both parties interpret the holding from *Moore* differently. *Moore* describes how a violation of one of the State Board of Pharmacy's internal regulations does not create a separate cause of action because the regulations do not create a legal duty of care to be applied in civil litigation. 825 So. 2d 658, 665 (Miss. 2002). Later cases have clarified *Moore*'s scope. In *Hill v. Beverly Enterprises-Mississippi, Inc.*, a federal district court said that,

> The court's conclusion in *Moore* that those [pharmacy] regulations did not establish a legal duty of care was not based on the fact that they were *regulations*, but rather on the fact that the s*ubstance* of those specific regulations was not such as to impose a legal duty on the part of pharmacists.

305 F. Supp. 644, 650 (S.D. Miss. 2003). Similarly, here the substance of the Mississippi State Board of Cosmetology's internal regulations do not impose a legal duty to prevent slip and falls. Although the sanitation regulations set forth in Chapter 7 require functioning hot and cold water in cosmetology institutions, there is no mention of a requirement to prevent water from leaking,

spilling, flooding, pooling, etc. for the purpose of keeping an environment safe from injury in cosmetology businesses.

Furthermore, the court has not identified any slip and fall cases in Mississippi in which the plaintiff has successfully brought a claim for negligence *per se*. Mississippi case law shows negligence and premises liability, not negligence *per se*, are the most common and appropriate claims when plaintiffs who have suffered injuries from a slip and fall initiate civil legal action against businesses. *E.g., Haggard v. Wal-Mart Stores, Inc.*, 75 So. 3d 1120 (Miss. Ct. App. 2011) (granting summary judgment when an invitee brought negligence and premises liability claims in a slip and fall case because there was no evidence the store or its employees was negligent or that the store or its employees had actual or constructive knowledge of the spill); *Criss v. Lipscomb Oil Co.*, 990 So. 2d 771 (Miss. Ct. App. 2008) (holding that a convenience store was not liable for negligence in a slip and fall case because the invitee did not show the owners caused the dangerous condition or had actual or constructive knowledge of the dangerous condition on their premises). The plaintiff has independent claims for both negligence and premises liability; Paradise Nails denied these claims in its answer but has not brought motions to dismiss or motions for judgment on the pleadings for either claim.

The plaintiff has not demonstrated that her slip and fall injury was the type of injury that the statutes in Title 73, Chapter 7 of the Mississippi Code or the regulations in Chapter 7 of the Mississippi State Cosmetology Board's Rules and Regulations were designed to avoid. Because of this, the plaintiff's negligence *per se* claim is not a claim upon which relief can be granted and therefore must be dismissed.

Conclusion

Applying the Mississippi negligence *per se* criteria to this case, the court finds that the defendant's motion to dismiss should be granted. The negligence *per se* claim will be dismissed. The claims for negligence and premises liability shall move forward. A separate order in accord with this opinion shall issue this day.

This, the 14th day of July, 2016.

                                                               */s/ Neal Biggers*
                                                               **NEAL B. BIGGERS, JR.**
                                                               **SENIOR U.S. DISTRICT JUDGE**